UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES PEREZ,

                  Plaintiff,

          -against-

THE CITY OF NEW YORK,
RICHARD URBINA, WILLIAM KIVLEHAN,
JAMES MCBROWN,
and JOHN and JANE DOES,

                  Defendants.
-------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

13 CV 1197 (JSR)(FM)

RECEIVED JUN 03 2013 U.S.D.C. S.D. N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff JAMES PEREZ is a citizen and a resident of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

9. Defendants URBINA, KIVLEHAN, MCBROWN and DOES are and were at all

times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities, and as agents and employees of THE CITY OF NEW YORK.

### STATEMENT OF RELEVANT FACTS

10. On May 1, 2010, plaintiff PEREZ was approached by defendants URBINA, KIVLEHAN, MCBROWN, and DOES while plaintiff was seated behind the steering wheel of his parked car in the vicinity of Park Avenue and 180th Street, Bronx, New York. Upon request, plaintiff provided his license and car registration to defendant KIVLEHAN. Plaintiff was then arrested and charged with Operating a Motor Vehicle While Under the Influence of Alcohol, New York State Vehicle and Traffic Law Sections 1192(1) and (3). Plaintiff was not under the influence of alcohol, and had done nothing to justify his arrest.

11. Plaintiff was detained until his arraignment in Criminal Court.

12. The Criminal Court accusatory instrument was signed by defendant URBINA.

13. Plaintiff was required to appear in court numerous times over more than two years before charges were dismissed on July 23, 2012.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15.     By their conduct and actions in falsely arresting plaintiff, maliciously prosecuting plaintiff, fabricating evidence against plaintiff, and by failing to intercede to prevent the complained of conduct, defendants URBINA, KIVLEHAN, MCBROWN, and DOES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

17.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

19.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants URBINA, KIVLEHAN, MCBROWN, and DOES. Furthermore, THE CITY OF NEW YORK was on notice that defendant URBINA had committed gross misconduct in connection with the issuance and disposition of Vehicle and Traffic Law offenses.

20.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

22.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23.     The conduct of defendants URBINA, KIVLEHAN, MCBROWN. and DOES, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course

and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

24. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### MALICIOUS PROSECUTION

25. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Pre- and post-judgment costs, interest and attorneys' fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
     May 10, 2013

           */s/ M. Spiegel*
           MICHAEL L. SPIEGEL, Esq.
           11 Park Place, Suite 914
           New York, New York 10007
           (212) 587-8558

           *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES PEREZ,                                )
                                            )
                Plaintiff,                  )
                                            )   **DECLARATION OF SERVICE**
        -against-                           )
                                            )   13 Civ. 1197 (JSR)(FM)
THE CITY OF NEW YORK,                       )
RICHARD URBINA, WILLIAM                     )
KIVLEHAN, JAMES MCBROWN                     )
and JOHN and JANE DOES                      )
                                            )
                Defendants.                 )
------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

I, Jennifer Waller, being duly sworn, depose and say: that I am over eighteen years of age and am employed by Michael L. Spiegel, Esq., with offices located at 11 Park Place, Suite 914, New York, NY 10007.

On May 30, 2013, I served a copy of the within summons and complaint and 160.50 release on:

**The City of New York**
**100 Church Street**
New York, NY

by mailing a true copy thereof to the above location.

_____
Jennifer Waller

Sworn to before me this 30th
day of May, 2013

_____
Notary Public

JANE L. MOISAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MO6256384
Qualified in Kings County
My Commission Expires February 27, 2016